IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

Zuri S. Young

      Plaintiff,                    No. CIV S-03-2644 LKK CMK P

    vs.

Stratton, et al.,

      Defendants.

_____/      ORDER

        Plaintiff, who is proceeding without counsel and in forma pauperis, brings this action pursuant to 42 U.S.C. § 1983. Currently before the court are the following motions filed by plaintiff: (1) "Application to File Late Motions and Oppositions with Good Cause" (doc. 44); (2) two motions titled "Application for Writ of Habeas Corpus Ad Testificandum for Witness(s) at Trial" (docs. 46 and 52) and; "Request that Defendants Produce the Deposition Transcripts which was Taken on October 27th 2005..."(doc. 48). Defendants have filed a motion to strike plaintiff's surreply to defendants' reply to plaintiff's January 19, 2006 opposition to defendants' motion for summary judgment. (Doc. 51-1.)

/ / /

/ / /

Case 2:03-cv-02644-LKK-CMK   Document 54   Filed 03/29/06   Page 2 of 4

Plaintiff's application to file late motions and oppositions was not accompanied by a proof of service.[1] Plaintiff is advised that every document submitted to the court for consideration must be served on defendants. See Fed. R. Civ. P. 5; Rule 11, 28 U.S.C. § 2254. As a prisoner proceeding pro se, petitioner is required to serve all documents in this action conventionally in accordance with the relevant provisions of Fed. R. Civ. P. 5. See Local Rule 5-135(b). Since an attorney has filed a document with the court on behalf of defendants, documents submitted by plaintiff must be served on that attorney and not on the defendant. Fed. R. Civ. P. 5(b)(1). Conventional service is usually accomplished by mailing a copy of the document to the attorney's address of record. See Fed. R. Civ. P. 5(b)(2)(B). Plaintiff must include with every document filed in this action a certificate stating the date an accurate copy of the document was mailed to respondents' attorney and the address to which it was mailed. See Local Rule 5-135(b) and (c). Because plaintiff failed to properly serve his January 19, 2006 "Application to File Late Motions and Oppositions with Good Cause" on defendants, it will be stricken from the record.

Plaintiff has filed two requests for a writ of habeas corpus ad testificandum for production of witnesses at trial. Plaintiff has also, in accordance with the scheduling order, filed a pretrial statement. As a motion for summary judgment is pending in this case, the court will not order production of incarcerated witnesses at this time. Accordingly, plaintiff's applications for a writ of habeas corpus ad testificandum for production of witnesses is denied without prejudice to renewal at a later time in the proceedings.

Plaintiff has requested that defendants produce the deposition transcript from plaintiff's deposition on October 27, 2005. This request was not accompanied by a proof of service. As discussed above, all documents submitted to the court for consideration must be served on defendants. Accordingly, plaintiff's request for production of the deposition transcript

---

[1] Plaintiff has previously ordered by the court to properly serve documents served in this action. (Doc. 33.)

2

1  from October 27, 2006 is stricken from the record.[2]

2        Defendants have filed a motion to strike plaintiff's surreply to defendants' reply
3  to plaintiff's opposition to defendants' motion for summary judgment.  Neither the Local Rules
4  nor the Federal Rules provide for a surreply and the court has not ordered one.  Accordingly, the
5  court grants defendants' motion and plaintiff's surreply will be stricken from the record.

6        Finally, in light of the pending motions for summary judgment, the court vacates
7  the July 26, 2006 scheduled trial date.  All other dates in the scheduling order remain the same.

8        IT IS ORDERED that:

9        1.  Plaintiff's "Application to File Late Motions and Oppositions with Good
10  Cause" (doc. 44) is stricken from the record;

11        2.  Plaintiff's two motions titled "Application for Writ of Habeas Corpus Ad
12  Testificandum for Witness(s) at Trial" (docs. 46 and 52) are denied without prejudice to renewal
13  at a later time in the proceedings;

14        3. Plaintiff's "Request that Defendants Produce the Deposition Transcripts which
15  was Taken on October 27th 2005..."(doc. 48) is stricken from the record;

16        4.  Defendants' motion to strike plaintiff's surreply (doc. 51) is granted and
17  plaintiff's surreply (doc. 49) is stricken from the record and;

18  / / /
19  / / /
20  / / /
21  / / /
22  / / /
23  / / /

---

24
25  [2]The court notes that, on February 9, 2006, defendants filed an opposition to plaintiff's request for an order directing defendants to provide him a copy of his transcript.  Defendants' opposition points out that, in filing their motion for summary judgment, defendants did not
26  reference plaintiff's deposition transcript.

3

1        5. The July 26, 2006 scheduled trial date is vacated.  All other dates in the
2   scheduling order remain the same.

4   DATED:   March 28, 2006.

                                                 _____
                                                 **CRAIG M. KELLISON**
                                                 UNITED STATES MAGISTRATE JUDGE

4